Our final case of the morning is Highbaugh v. Exelead. Mr. Rollins. Greetings, Your Honors. May it please the Court. My name is Stephen Rollins, and I represent Plaintiff Appellant Richard Highbaugh, an African-American man in his 60s. Would the Court like a brief recitation of the facts? You can use your time as you think best. Yes, Your Honor, so I will skip the brief recitation of facts. This case, made before this Court on the District Court's ruling, granted Defendant Appellee's Exelead, Inc. motion for summary judgment, dismissing all of Mr. Highbaugh's claims. I would like to reserve five minutes for rebuttal. The District Court committed four reversible errors for this Court to review. First, the District Court erred in concluding Mr. Highbaugh did not present sufficient evidence of pretext, specifically the shifting and inconsistent reasons, as well as providing direct record evidence rebutting Exelead's alleged honest belief. The second error was the District Court erred in making credibility determinations that are exclusively within the province of the jury. Third, the District Court erred in concluding that no reasonable juror could find Mr. Highbaugh's qualifications superior, clearly superior to Mr. Miller's. Lastly, the District Court erred in disregarding Mr. Highbaugh's affidavit under the sham affidavit doctrine, where the affidavit predated the deposition testimony. We request this Court to reverse the District Court's ruling and remand for trial. First, Your Honors, I would like to discuss the shifting and inconsistent reasons that were provided by Exelead. Exelead provided four shifting and inconsistent reasons that cannot be resolved in the way that the District Court provided them. First, in November of 2022, Mr. Mendez told Mr. Highbaugh he was not selected for the position because he lacked experience managing multiple buildings. That's it. Secondly, after Mr. Highbaugh filed a charge of discrimination with the EEOC, then at that point, Mr. Mendez stated that Mr. Highbaugh did not possess the qualifications. He had a vague interest in the position, he lacked large-scale warehouse experience, and he had an issue with how Mr. Highbaugh expressed his opinions. Third, in July of 2024, Mr. Exelead asserted that Mr. Highbaugh lacked interest in the position, his communication methods, and scope of Highbaugh's management experience. Then lastly, at Mr. Mendez's testimony deposition, he stated, experience and exposure to larger-scale manufacturing demonstrated leadership with a team around the same size as when the job was posted. The District Court's handling of these reasons was improper. First, the District Court said that these were mere elaborations of the initial reasoning. That is improper. First, not having experience managing multiple buildings does not include a vague interest in the position. Not having experience managing multiple buildings does not address how the manner in which Mr. Highbaugh applied for the position. It also does not include within it the communication methods that Mr. Highbaugh had. The District Court erred on this matter, saying that these issues were the same. The second point is honest belief. Mr. Highbaugh has presented sufficient evidence showing that Mr. Mendez did not honestly believe these things at the time he made these decisions. First, if Mr. Mendez truly wanted experience with someone managing multiple buildings, it would have been in the job posting where it listed the requirements of what the individual needed in order to have the position. Secondly, if Mr. Mendez did not honestly believe Mr. Highbaugh lacked interest in the position, he did not say this when Mr. Highbaugh asked for permission to apply for the position. He did not state this when Mr. Highbaugh applied for the position. He did not state this when he told Mr. Highbaugh specifically when Mr. Highbaugh asked, why was I not interviewed or selected for the position? Third, Mr. Mendez could not have honestly believed Mr. Highbaugh was not fit for the role. That is his specific testimony. Yet, he approved Mr. Highbaugh applying for the role, and he accepted his application. Fourth, Mr. Mendez did not honestly believe Mr. Highbaugh did not apply for the position appropriately. He testified specifically at his deposition, Mr. Highbaugh applied in the manner in which was accorded to internal employees. If that was the case, he would have told Mr. Highbaugh then, you're not applying for this position correctly. For these reasons, your honor, we do not believe Mr. Mendez, excuse me, for these reasons, your honor, Mr. Mendez did not honestly believe a number of the reasons that he asserts that are shifting and inconsistent. Third, your honor, as pertains to the credibility determinations, Mr. Mendez's credibility has undermined. Mr. Mendez did not honestly believe did not honestly believe Mr. Highbaugh was not qualified for the position. As I stated previously, because he testified specifically, I would not have given him this position, given him the application to apply for the role if he was not qualified and fit for the role. In terms of lacking interest, Mr. Highbaugh applied for the position. He sought approval to apply for the position. He applied for the position. He followed up the very next day with Mr. Mendez. The day after that, he followed up with Human Resources asking about his application. He even went so far as to file a discriminatory practice complaint, promotions and practices complaint with the company. After which they informed Mr. Mendez, you need to go and close the loop with Mr. Highbaugh regarding this. And then Mr. Highbaugh called Mr. Mendez yet again and asked him, what was his status regarding his application? It is impossible for Mr. Mendez to have believed Mr. Highbaugh lacked interest in this position. Lastly, your honor, the district court erred in disregarding Mr. Highbaugh's affidavit under the sham affidavit doctrine. The district court relied on McAllister. And there's stark differences between the McAllister case and this case, your honors. First, under McAllister, there was a difference. There was a lay opinion trying to contest expert testimony opinions. That was not present here. Secondly, the lay opinion in McAllister directly said that she had no basis to give that testimony. She removed her own testimony she gave properly. Here, Mr. Highbaugh has done none of that. Lastly, as it retains the superior qualifications of Mr. Highbaugh over Mr. Miller, it is objectively clear that Mr. Highbaugh's qualifications were superior to those of Mr. Miller. He had more than 18 years of experience or 20 years of experience regarding multiple positions, multiple requirements of the job posting. In Mr. Miller, Mr. Mendez had testified that Mr. Miller did not. He could not tell whether or not Mr. Miller had these qualifications based off his resume and application. The discrimination here is multilayered. The interview selection process, the actual interview, and then trying to bootstrap the interview information as a justification for why Mr. Highbaugh was not selected. At this time, I will entertain questions from the court if you have any. Certainly, counsel. Yes. I reserve the rest of my time. Ms. O'Connor. Good morning. May it please the court. My name is Emily Connor and I am counsel for ex-lead. We would ask that the court affirm the district court's grant of summary judgment in ex-lead's favor on Mr. Highbaugh's race discrimination, age discrimination and retaliation claims. Contrary to his allegations, Mr. Highbaugh has not an iota of evidence to support his contention that anyone made any decision relative to his non-selection for the materials manager position because his age or race. Even if we assume Mr. Highbaugh can establish his prima facie case of race and age discrimination, his pretext evidence is insufficient. Contrary to Mr. Highbaugh's arguments, ex-lead has been consistent in its explanation of the reasons for Mr. Highbaugh's non-selection. And Mr. Mendez was well within his discretion to choose Mr. Miller for the materials manager position based on his particular qualifications. First, Mr. Mendez has been consistent in his explanation of the reasons for Mr. Highbaugh's termination. According to Mr. Highbaugh, Mr. Mendez told him on or around November 12th of 2022 that Mr. Mendez did not select Mr. Highbaugh for the role because he wanted someone with experience managing multiple buildings. Notably, Mr. Mendez told Mr. Highbaugh this after he had already offered the position to Mr. Miller who had that experience. And explicitly in response to Mr. Highbaugh's call to him asking him about the status of his application. And he called Mr. Mendez allegedly on November 10th. Mr. Mendez met with him on November 11th, told him, I don't think you're right for this role because you don't have this experience. But I want to offer you the supervisor role because I think it will provide you an opportunity to gain some of this experience so that the next time this job opens, you might have more experience. And indeed, that position had been opened a number of times in several years. So, it was entirely feasible that it could open up in the future. Thereafter, in its position statement, and its discovery responses, and at Mr. Mendez's deposition and in all of the briefing, EXLEAD added that it had other concerns with Mr. Highbaugh's performance, including his lack of attention to detail in his email communications, his communication style with others, his interpersonal style, and his skill with various platforms. Mr. Mendez also offered, as counsel pointed out, that he didn't believe Mr. Highbaugh was interested in the job. That was because Mr. Highbaugh didn't express any interest in the job in the six months it had been open. He didn't apply for it until two months after it had been posted. And when he did apply for it, he walked up to Mr. Highbaugh, you'll have to train somebody else for my job if I get this job. Based on this, it was reasonable for Mr. Mendez to conclude that Mr. Highbaugh wasn't interested in the job. And, in fact, contrary to Mr. Highbaugh's allegations, he did not follow up with Mr. Mendez about the position the next day via email. He emailed Mr. Mendez and said, I would like to talk to you about positions between a supervisor and a manager. He didn't ask about the material manager's position. Then when he emailed HR to ask about his application, there's no evidence that information went to Mr. Mendez. So Mr. Mendez had no reason to know Mr. Highbaugh followed up with HR. And, indeed, when Mr. Highbaugh did contact Mr. Mendez on November 10th to ask about the position, the very next day Mr. Mendez met with him and offered him the supervisor position. The ex-elite and Mr. Mendez have been consistent. This addition of explanation is consistent with the decision in Schuster versus Lucent Technologies. There the employer terminated an employee as part of a RIF, initially stating that it was based on the relative skill set of the plaintiff and the employee who was selected to stay, and later adding that they also had performance concerns with plaintiff's job performance. So this is entirely consistent with that decision as well. This case does not present evidence of shifting explanation. Mr. Highbaugh's pretext argument on that front is unavailing. Second, there's simply no record of evidence or support for Mr. Highbaugh's argument that he was discriminated against because he was more qualified than Mr. Miller. Initially, it's well established by this court and many courts that a plaintiff's opinion of his own performance is irrelevant and unpersuasive. Thus, Mr. Highbaugh's opinion of his communication style, his ability to use Excel and other programs, his attention to detail, or even his interest in the position is not relevant for purposes of proving his discrimination claim. That's in Schaffner versus Glencoe Park District. Likewise, the opinion of Mr. Highbaugh's coworkers who did not manage him, weren't involved in the promotion decision, and in many cases weren't even employed at the time of the promotion decision is irrelevant for purposes of supporting Mr. Highbaugh's arguments about his qualifications. Ultimately, it is only the opinion of the decision maker, in this case, Mr. Mendez, that matters. And it does not matter whether he was wrong or incorrect or mistaken. The pretext analysis, as the court is aware, asks only whether the decision maker lied as a pretext for discrimination. Here, Mr. Mendez made a reasonable decision that Mr. Miller was the better candidate. This court's precedent is clear that where the pretext analysis comes down to the relative qualifications of the candidate, the court will defer to the decision maker unless the disparity between the candidate's qualifications, Millbrook uses the language, slaps you in the face. It must be so above reproach and controvertible that one candidate is more qualified than the other. We see this again in Millbrook, in Schuster, in Schaffner. Here, Mr. Highbaugh offers nothing more than his assessment of Mr. Mendez's decision to pick Mr. Miller for the role as evidence of discriminatory animus. Mr. Mendez selected Mr. Miller, as he said multiple times, because he had warehouse management experience in two highly regulated industries, including the pharmaceutical industry. He also had experience managing multiple buildings and multiple shifts. And Mr. Miller also demonstrated an excitement for the role and excellent problem-solving skills during his interview. In comparison, Mr. Mendez determined Mr. Highbaugh was not the right candidate for the job because he didn't have management experience. And this also relates to Mr. Rollins's argument about the sham affidavit. There is no dispute that Mr. Highbaugh never held a management position at Exelete. He has offered affidavit testimony, which contradicts his deposition testimony. In one affidavit, he has 18 years of management experience. In another affidavit, he has 14 years of management experience. Still elsewhere in that same affidavit, he says he filled in for a manager when he was on vacation. At his deposition, he admits he never held a management title, but he would fill in for the manager while he's on vacation. At most, all Mr. Highbaugh did was fill in for a manager when he was on vacation. And his own testimony is so convolutedly inconsistent, it cannot create a genuine issue of material facts. Mr. Mendez also recognized Mr. Highbaugh had poor communication skills, did not work well with others. And this is all during the year that Mr. Mendez actually actively supervised Mr. Highbaugh and worked with him. Mr. Highbaugh often had typos in his email communication and was not proficient in Excel and other programs. And finally, as we've discussed, Mr. Mendez did not believe that Mr. Highbaugh was actually interested in the role, given his manner of applying for SANE. In addition to all of this, Mr. Highbaugh's age discrimination further fails because Mr. Mendez previously offered the job before Mr. Highbaugh ever applied to it to Mr. Cunningham, who Mr. Mendez believed to be in the same age range as Mr. Highbaugh. Based on the foregoing facts and this court's own precedent, Mr. Highbaugh has not and cannot prove his claims of race or age discrimination and excellently respectfully request the court affirm the decision of the district court. Finally, I would like to briefly touch on the fact that it's not, it does not appear, but I wanted to address the fact that Mr. Highbaugh doesn't appear to be pursuing his retaliation claim. He appealed all of those claims at the district court level, mentioned it in passing in his appellant's brief, but then didn't make a substantive argument about it. We raised that issue in our appellee brief, and he didn't address it in the reply. Therefore, Mr. Highbaugh, to the extent that he is attempting to pursue such a claim, such claim is waived. If the court doesn't have any questions, I'm happy to reserve the rest of my time or give up the rest of my time. Thank you, Your Honor. Anything further, Mr. Rollins? Yes, Your Honors. Thank you, Your Honor. As it pertains to the sufficient evidence of pretext, the court failed to consider evidence or made credibility determinate, or it made the credibility determinations. Secondly, the point on. Secondly, the court, you failed. Excuse me, Your Honors. So let's walk through some of this, Your Honors. As it pertains to the qualifications for the roles, the court built disparity slap support in the face. On the first requirement that's posted in the job posting, Mr. Highbaugh has 18 years more experience than Mr. Miller as it pertains to warehouse experience. And there's a 21 year difference for departmental management experience.  Mendes testified Mr. Mr. Miller didn't even have the bare minimum of five years of warehouse management experience of department management experience. The second one, four years or more of SAP or equivalent system experience. Your Honor, Mr. Highbaugh had 20 more years than Mr. Miller. As it pertains to the assisted in or manage the implementation of an electronic warehouse management experience, 20 year difference. Once again, must have proven experience, extensive experience and CGMP compliance, 20 year difference again, must be results oriented, meet deadlines and accept accountability. Mr. Highbaugh had 24 years of experience. Miller had no corroborating evidence of his ability to do this. The court failed to consider this evidence, or as I stated previously, it made a credibility determination. Mendes could not believe that Miller was more qualified when he testified himself at his deposition. He could not ascertain whether or not Mr. Miller had these qualifications based on his resume and application of law. If you cannot ascertain from the resume and application that Mr. Miller at this experience, including the experience managing multiple buildings, which is not even included on the job posting. Why then was he selected for an interview and promoted to this position? Yet the candidate internal candidate you approved to apply for the position and testified was qualified for the position did not even select was not even selected for an interview. Thank you. Thank you. Case is taken under advisement and the court will be in recess.